IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA LACY-CURRY, | No. C 05-00453 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 43] |
| ALAMEDA COUNTY SOCIAL SERVICES, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Jana Lacy-Curry's ("Plaintiff") Application to Proceed In Forma Pauperis on Appeal ("IFP Application of Appeal") [Docket No. 43]. Having considered Plaintiff's IFP Application on Appeal, and being fully informed, the Court hereby DENIES Plaintiff's IFP Application on Appeal.

**PROCEDURAL HISTORY**

On January 31, 2005, Plaintiff filed a complaint against defendants Alameda Social Services Agency, Alameda County Superior Court, Lawanda Martin, the City of Oakland, and Reed Seiden. Also on that date, Plaintiff filed an application to proceed *in forma pauperis* ("IFP Application"). The case was initially assigned to Magistrate Judge Chen. On May 11, 2005, Magistrate Judge Chen granted Plaintiff's IFP Application.

On June 21, 2005, Plaintiff voluntarily dismissed defendant City of Oakland. Subsequently, on July 14, 2005, the case was reassigned to this Court.

On September 7, 2005, Plaintiff filed a First Amended Complaint. The First Amended Complaint asserted the following causes of action against the Alameda Social Services Agency, the Alameda Superior Court, Lawanda Martin, and Reed Seiden: (1) violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983, (2) disability discrimination under the Americans with Disabilities Act, and (3) violations of the California constitution pursuant to the California Unruh Act.

On December 8, 2005, pursuant to 28 U.S.C. § 1915, the Court reviewed the First Amended

Complaint and determined that the First Amended Complaint failed to state a claim and improperly sought monetary relief from defendants who were immune from such relief. Accordingly, the Court dismissed the action with prejudice.

On January 17, 2006, Plaintiff filed a Notice of Appeal. Also on that date, Plaintiff filed the instant IFP Application on Appeal [Docket No. 43].

## **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(a)(1), "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such person possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, the statute also authorizes the district court to dismiss a claim filed *in forma pauperis* "at any time" if the Court determines that: (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Federal Rule of Appellate Procedure 24 provides that a party to a district court action who desires to appeal *in forma pauperis* must first file a motion in the district court. Fed. R. App. P. 24(a)(1). In support of the motion, the party must provide the district court with an affidavit that: (a) shows, in detail, the party's inability to pay or to give security for the requisite fees and costs; (b) claims an entitlement to redress; and (c) states the issues that the party intends to present on appeal. *Id.*

In general, to proceed on appeal *in forma pauperis*, a litigant must be economically eligible, and her appeal must not be frivolous. 28 U.S.C. § 1915(a); *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir.1983). Probable success on the merits need not be shown. *Id.* at 220. However, the court must examine whether the appeal involves "legal points arguable on their merits." *Id.* at 220 (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). An application for leave to appeal *in forma pauperis* has sufficient substance to warrant consideration only if "it identifies with reasonable particularity the

2

1 claimed errors which will be the basis for the appeal." *U.S. v. Farley*, 238 F.2d 575, 576 (2nd Cir. 1956).

If the district court denies the motion to proceed on appeal *in forma pauperis*, the party may subsequently file a motion to proceed on appeal *in forma pauperis* in the court of appeals. Fed. R. App. P. 24(a)(5).

## ANALYSIS

The benefit of proceeding *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1121, 1231 (9th Cir. 1984). To obtain this privilege, an applicant must demonstrate, to the Court's satisfaction, her inability to pay the requisite fees and costs. *See Williams v. Marshall*, 795 F. Supp. 978, 979 (N.D. Cal. 1992). A statement of poverty is sufficient only if it demonstrates that the applicant cannot pay court costs and still be able to provide herself and her dependants with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Here, the Court finds that, due to changed circumstances in Plaintiff's financial status, Plaintiff IFP Application on Appeal does not adequately demonstrate that she is unable to pay the requisite fees and costs. For example, Plaintiff's IFP Application on Appeal now indicates that she receives $812 per month in Social Security income and that her expenses amount to only $400. In contrast, Plaintiff's prior IFP Application indicated that her expenses exceeded her income by $66. Based on the financial information provided in Plaintiff's IFP Application on Appeal, the Court therefore concludes that Plaintiff has not shown that she will be unable to provide herself with the necessities of life if she is not granted leave to proceed on her appeal *in forma pauperis*.

Further, Plaintiff has failed to clearly identify the issues she intends to present on appeal, as required by Federal Rule of Appellate Procedure 24 (a)(1)(C). *See* Fed. R. App. P. 24(a)(1)(C). Indeed, Plaintiff's separately filed Notice of Appeal merely states that Plaintiff is "appeal[ing] the judgment issued in this case, as to Defendants Alameda County Social Services Agency, Lawanda Martin, and Reed Seiden." Since Plaintiff is represented by counsel in this matter, Plaintiff's failure to comply with

the applicable Rules of Appellate Procedure is simply inexcusable.  Moreover, on the record before it, the Court is unable to conclude that there is a non-frivolous basis for Plaintiff's appeal.  The dismissal of Plaintiff's First Amended Complaint was expressly premised on the Court's finding that Plaintiff was attempting to pursue claims that were clearly barred by the *Rooker-Feldman* and *Younger* abstention doctrines, as well as the Eleventh Amendment.  The Court also found that three of the named defendants were entitled to absolute immunity from all of Plaintiff's claims.  Thus, for all of the above-stated reasons, the Court hereby DENIES Plaintiff's IFP Application on Appeal.

## **CONCLUSION**

IT IS HEREBY ORDERED THAT Plaintiff's Application to Proceed In Forma Pauperis on Appeal [Docket No. 43] is DENIED.  If Plaintiff still wishes to pursue her appeal *in forma pauperis*, Plaintiff may file a motion with the appellate court within thirty (30) days after service of this Order.

IT IS SO ORDERED.

Dated: 1/ 23/06                                         *Saundra B Armstrong*

Saundra Brown Armstrong
United States District Judge